Argued and submitted September 18, 2012, affirmed December 26, 2013

In the Matter of the Marriage of

Denise L. UHDE,
nka Denise L. Uhde-Friesen,
*Petitioner-Appellant,*
*and*

Jack B. UHDE,
*Respondent-Respondent,*
*and*

Christopher William August UHDE,
*Necessary Third Party-Respondent.*

Lincoln County Circuit Court
010361; A147493

317 P3d 337

George W. Kelly argued the cause and filed the briefs for appellant.

Gilbert B. Feibleman argued the cause for respondent Jack Uhde. With him on the brief was Feibleman & Case, P.C.

No appearance for respondent Christopher Uhde.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Wife appeals a supplemental judgment that terminated husband's spousal support obligation to wife, set wife's child support obligation to husband, and awarded husband attorney fees. She challenges the court's imposition of sanctions under ORCP 46 B and the court's subsequent determinations that evolved from those sanctions. We affirm.

In 2003, the trial court entered a dissolution judgment. Wife appealed, and husband conditionally cross-appealed. *Uhde and Uhde,* 217 Or App 258, 175 P3d 511 (2007). On appeal, we reversed and remanded after concluding that the court erred in denying maintenance support to wife. *Id.* at 269. On cross-appeal, we reversed and remanded for a determination of wife's child support obligation in light of her entitlement to maintenance support. *Id.* On remand, the trial court entered a supplemental judgment setting maintenance spousal support in the amount specified by this court. Subsequently, the parties filed cross-motions to determine, among other things, wife's child support obligation. As part of that proceeding, husband obtained orders to compel discovery of the financial records of wife and her new husband. Ultimately, the court determined that wife had failed to comply with those orders and, under ORCP 46 B, sanctioned wife by striking her pleadings and entering a default against her. At a *"prima facie* hearing" in which wife was not allowed to participate, husband presented evidence to the trial court in support of his requested relief. The court entered a supplemental judgment setting wife's child support obligation, eliminating husband's spousal support obligation, and awarding husband $25,432.29 in attorney fees. Wife appeals that supplemental judgment.

On appeal, wife raises five assignments of error. First, she challenges the court's evidentiary basis for concluding that she failed to provide the requested discovery. Second, she asserts that the court abused its discretion by not ordering a sanction less severe than striking her pleadings and not allowing her to participate in the *prima facie* hearing. Third, wife assigns error to the court's determination of husband's income for child support purposes. Fourth, she contends that the court erred in awarding attorney fees

to husband without giving her the opportunity to oppose the request and, fifth, she contends that the trial court's calculations in the supplemental judgment were erroneous. We reject wife's second, third, and fifth assignments of error without discussion, and write to briefly address her first and fourth assignments.

As to wife's first assignment of error, the evidentiary record contradicts wife's assertion that there was no factual basis for the trial court to find that she failed to provide discovery requested by husband. To the contrary, there is evidence from which the trial court could find that, over a year after the first order to compel was entered, wife had provided very few of the financial records sought by husband. Accordingly, we reject wife's first assignment of error. *Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012) ("[W]e are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record[.]").

In her fourth assignment of error, wife contends that the trial court erred when it awarded attorney fees and costs to husband without requiring husband to comply with the service requirements of ORCP 68 C(4)(a)(ii) and without giving wife the opportunity to object, as allowed by ORCP 68 C(4)(b).

The facts related to the court's attorney fee award to husband are undisputed and mainly procedural. Husband obtained orders to compel discovery from wife in 2009. In December of that year, husband moved for sanctions under ORCP 46 B(2)(c),[1] contending that wife had failed to comply with the court's orders to compel. In that motion, husband requested an "order striking all of [wife's] pleadings in this matter and the immediate entry of a [d]efault [o]rder." Wife opposed that request, asserting that she had produced many of the documents sought, and asking for additional time to provide more discovery. At a May 2010 hearing to

---

[1] ORCP 46 B(2)(c) provides that, as a sanction for failure to comply with orders to compel discovery, the court may make "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

address the parties' discovery dispute, the court determined that wife still had not provided appropriate discovery and ordered her to do so by June 1, 2010.

In September 2010, husband renewed his motion for sanctions, claiming that, although wife had provided some documents, they were inadequate. At a hearing on the motion, the trial court concluded that it was clear that wife had not and "will not in the future provide the information that was requested by [husband]." After explaining that wife and her husband demonstrated a pattern of evasiveness in responding to discovery, the court stated that "I am going to grant the default." The court entered a written order in which it, after evaluating the sanctions available under ORCP 46 B(2), concluded that the "only meaningful and appropriate sanction" against wife was to "strike her pleadings and render a default judgment against her" pursuant to ORCP 46 B(2)(c). Accordingly, the court "ordered and adjudged" that

"1.  The Court does hereby strike all pleadings of [wife] and in so doing dismisses any affirmative relief [wife] is presently seeking from the Court.

"2.  As a result thereof, [wife] is deemed to have not appeared, the time therefore having expired and [wife] is in default.

"3.  [Husband] shall present a *prima facie* case to the Court at 9:00 A. M. on the 7th day of December, 2010."

Accordingly, the trial court held a hearing to allow husband to present evidence to support his request that the court impose a child support obligation on wife, modify his spousal support obligation, and modify the parties' parenting-time plan. During that hearing, husband presented the court with a statement requesting attorney fees and costs in the amount of $25,432.29 to account for fees incurred from the time the court entered the supplemental judgment awarding wife maintenance support through the date of the hearing. At the end of the hearing, the court signed a supplemental judgment granting the relief husband sought, including the full amount of attorney fees and costs requested.

Wife challenges the attorney fee award, claiming that under ORCP 68 C(4)(a)(ii) and (b), she should have been served with the attorney fee statement and given an opportunity to object to it.

ORCP 68 C(4)(a) provides, in part:

"A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to Rule 67:

"(i)   File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with Rule 9 C; and

"(ii)   Serve, in accordance with Rule 9 B, a copy of the statement on all parties who are not in default for failure to appear."

ORCP 68 C(4)(b) allows a party to file objections within 14 days after service of the attorney fee statement.

Wife's argument is simple. She contends that, unless she was "in default for failure to appear," the court could not grant husband's attorney fee request when she had not been served with the fee statement and given an opportunity to object to it. In support, she points to *Evans v. Brentmar*, 186 Or App 261, 271-72, 62 P3d 847 (2003), in which this court explained that, for purposes of ORCP 68 (C)(4)(a)(ii), a plaintiff who failed to respond to a counterclaim was in default for "failure to plead or otherwise defend" and not for "failure to appear." Thus, the defendants in *Evans* were required to serve the plaintiffs with their fee statement, and the failure to do so required reversal of the fee award.

Husband concedes that wife was not served with his attorney fee statement pursuant to ORCP 68 C, but argues that the trial court "struck" wife's appearance as a sanction under ORCP 46 B, so for purposes of ORCP 68 C(4)(a)(ii), she was "in default for failure to appear."

Ultimately, we agree with husband. The court, in its order, struck all of wife's pleadings and "deemed [wife] to have not appeared." Wife does not challenge that ruling on appeal, and we are bound by it when evaluating wife's

fourth assignment of error. We emphasize that, because the issue is not before us, we express no opinion as to the legal validity of striking a party's appearance as a sanction under ORCP 46 B after that party has appeared in the proceeding. *Cf. In re Eadie,* 333 Or 42, 57, 36 P3d 468 (2001) (noting that, in context of ORCP 69 A(1), the legal meaning of "appearance" is "'[a] coming into court as a party' or '[a] formal proceeding by which a defendant submits himself to the jurisdiction of the court'") (brackets in original)). However, because the trial court deemed her not to have appeared, wife was "in default for failure to appear." Accordingly, for purposes of our review, husband was not required to serve her with his attorney fee statement, and the court was not required to allow her the opportunity to object under ORCP 68 C.

Affirmed.