Argued and submitted August 26, 2015, affirmed May 3, 2017

L & A DESIGNS, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

Brian NAVARRO,
an individual; and
Northwest Truck and SUV Accessories, Inc.,
dba Northwest Running Boards,
an Oregon corporation,
*Defendant-Respondents.*

Clackamas County Circuit Court
CV13030115; A156950

396 P3d 931

Eric K. Helmy argued the cause for appellant. With him on the briefs was NW Business Law LLC.

Charles J. Paternoster argued the cause for respondents. With him on the brief was Parsons Farnell & Grein, LLP.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**HADLOCK, C. J.**

The first time that plaintiff failed to appear for a scheduled settlement conference in the civil action it had brought against defendants, the trial court imposed a $250 sanction. The trial court later rescheduled the settlement conference for a date in April 2014. When plaintiff failed to appear at the rescheduled settlement conference, the court dismissed the action. On appeal from the resulting judgment of dismissal, plaintiff argues that the record does not support the trial court's determination that plaintiff's failure to appear at the rescheduled settlement conference was willful. Plaintiff also makes unpreserved arguments that the trial court erred by dismissing the action without holding a hearing and without making findings on the record regarding how plaintiff's failure to appear was prejudicial. We affirm.

Most of the facts we set forth below are procedural and undisputed. Where the facts are disputed, we describe them in keeping with the trial court's findings, to the extent that the record supports those findings. *Cf. Uhde and Uhde,* 260 Or App 284, 287, 317 P3d 337 (2013), *rev den,* 329 P3d 771 (2014) (where trial court sanctioned party for failing to comply with a discovery order, we reviewed to determine whether there was "evidence from which the trial court could find that" the party had failed to comply with the order).

Plaintiff filed a civil action against defendants in March 2013 that included claims for breach of contract and promissory estoppel.[1] Defendants answered.

In May 2013, the trial court issued notices stating that a settlement conference would take place on November 5, 2013, and that the case was set for trial in December 2013. The settlement conference notice stated that the parties and their trial attorneys were required to "be personally present at the settlement conference, unless excused in advance by the Court for good cause." (Underscoring in original.)

---

[1] Plaintiff is an LLC with a single member/manager, Alford, but the parties have frequently referred to Alford as "plaintiff" throughout this proceeding. Likewise, our references to "plaintiff" in this opinion should be understood to encompass either the LLC or Alford, as the LLC's representative (or both), as appropriate to the particular context.

The notices sent to plaintiff's counsel were returned as undeliverable. According to the Oregon Judicial Information Network, the court then updated the address for plaintiff's counsel "PER OSB" and—in July 2013—resent the notices of the dates for the settlement conference and trial.

Neither plaintiff nor its attorney appeared in person for the November 2013 settlement conference, although the court eventually reached plaintiff's counsel by telephone. Defense counsel asked that the case be dismissed as a sanction for plaintiff's failure to appear. The court denied that request but entered an order awarding defendants $250 in attorney fees "to be payable by both Plaintiff and its attorney"; that sanction was "based on Plaintiff's failure to appear at the settlement conference."[2]

In mid-November, the parties filed a stipulated motion to set over the trial, stating that the parties requested postponement "because they wish to have additional time to participate in a settlement conference." The trial was rescheduled for early March 2014. In mid-February 2014, the parties filed another setover motion, again emphasizing their desire to participate in a settlement conference. In the same motion, the parties asked that trial be set "to a date certain of April 30, 2014." The court granted that motion.

On March 13, the court scheduled a settlement conference for April 8. The next day, plaintiff's counsel sent defense counsel a "Notice of Unavailability" in which he listed a range of dates—including both April 8 and April 16— on which plaintiff would not be available for a settlement conference. Plaintiff subsequently asserted that its lawyer had also filed that document with the court; however, the trial court register does not reflect that the document was filed at that time.[3]

---

[2] The transcript from that November 5, 2013, hearing reveals additional dialogue between the judge (not the same judge who entered the April 2014 sanctions order and judgment of dismissal) and counsel for plaintiff regarding the circumstances surrounding plaintiff's failure to appear. Because the record does not reflect whether the judge who entered the April 2014 order and judgment was aware of that previous dialogue—and thus does not reveal whether that judge's decision was influenced by the statements made during the November 2013 hearing—we do not quote or rely on that exchange here.

[3] The March 2014 notice of unavailability does not appear in the trial court file except as an attachment to plaintiff's objections to the proposed judgment

The trial court register reflects that, on April 7, the court rescheduled the settlement conference to April 16, two weeks before the scheduled April 30 trial. The pertinent register entry states "stipulated reset from 4/8," but the record does not reflect the basis for that register entry.

From April 8 through April 10, the parties' lawyers had an email exchange in which they discussed discovery issues and the advisability of seeking another postponement of trial. On April 9, plaintiff's counsel told defense counsel that he would prefer "to keep the current trial date" but that "one more reset is ok." Defense counsel responded on April 10, stating that he would be "happy to keep the settlement conference on April 16th as scheduled," but observing that, "if past history is a guide, the Court will take off the April 16 conference and reschedule for later" (presumably he anticipated that the setover request would be granted). He also observed that rescheduling the settlement conference "might be preferable to [plaintiff's counsel] if [plaintiff] is still unavailable on April 16th."

In keeping with that email exchange, the parties filed another stipulated motion to set over the trial date on April 11, yet again emphasizing their desire to participate in a settlement conference, and noting that the settlement conference was scheduled to occur on April 16:

> "The parties by stipulation move to set over trial in this matter currently set for April 30, 2014 to allow the parties to participate in a Judicial Settlement Conference. A Judicial Settlement Conference was originally scheduled for February 7, 2014, but cancelled by the Court due to weather conditions. *This settlement conference has now been rescheduled to April 16, 2014.* The parties believe that the assistance of the Court *at the settlement conference*

---

that was entered after the trial court dismissed the action as a sanction for plaintiff's failure to appear at the April 16 settlement conference. It does appear that defense counsel received the notice of unavailability in March, as it is referenced in counsel's contemporaneous billing records, filed in conjunction with defendants' post-judgment request for attorney fees.

Plaintiff filed a similar notice of unavailability with the court later in the proceedings, after entry of judgment but before the court had heard defendant's request for attorney fees. That notice is in the trial court file and appears in the register of the case, unlike the March 2014 notice that plaintiff's counsel asserts he filed.

would be extremely helpful and may well result in resolution of the case. The parties further believe that a brief set-over of the trial date would increase the likelihood of settlement rather than the parties having to bear the time and expense of gearing up for trial under the current timetable. There have been two prior postponements."

(Emphases added.)

That motion was unavailing. On April 14, a legal assistant with defense counsel's firm emailed plaintiff's counsel, stating that she had just spoken with the circuit court's calendaring clerk, who "advised * * * that the judge has DENIED the motion to continue the trial date and that everyone is expected to be at the settlement conference on Wednesday, April 16 at 9:00 a.m. I told her I would let you know."

On April 15, plaintiff filed a motion seeking to have plaintiff "be excused from said conference, as Plaintiff's principal is overseas" and "to permit attendance at [the April 16] settlement conference * * * through counsel." Alternatively, plaintiff moved to cancel the settlement conference. The court did not immediately rule on that motion.[4]

The settlement conference was convened the next day—April 16—as scheduled. Plaintiff's counsel was present (as were defense counsel and defendants), but plaintiff was not. No transcript of what occurred is available, but the trial court signed an "order imposing sanctions" the same day, in which the court described at least some of what happened. That order provides, in pertinent part:

"This matter came before the court for a settlement conference on April 16, 2014. Present were * * * attorney for

---

[4] In its brief on appeal, plaintiff contends that the motion was "to permit phone appearance or reset the settlement conference" and references a document that plaintiff identifies, in its brief, as a "Motion to Cancel or Appear by Phone." Plaintiff also asserts that plaintiff "made himself available by alternative means (telephonically) on the date of the settlement conference." In fact, the document that plaintiff references is titled "plaintiff's motion to appear through counsel at settlement conference; alternative motion to cancel settlement conference." (Capitalization omitted.) The document asked the court to permit plaintiff "attendance at settlement conference * * * through counsel" and moved in the alternative to cancel the conference. Nothing in the document supports plaintiff's assertion on appeal regarding what the document was captioned, the assertion that plaintiff moved for leave to appear by telephone, or the assertion that, in the alternative, plaintiff requested a "reset" of the settlement conference.

plaintiff; * * * attorney for defendants; and Brian Navarro, defendant in his personal capacity and as representative for defendant Northwest Truck and SUV Accessories, Inc. Plaintiff failed to appear, and had not been excused from having to appear. [Plaintiff's counsel] advised the court that plaintiff was in Asia on a business trip. The date and time for this settlement conference had been set by stipulation of the parties.

"The court finds that plaintiff previously failed to appear at a settlement conference on November 5, 2013, and was sanctioned by the Honorable Judge Michael Wetzel.

"Clackamas County Circuit Court Supplementa[ry] Local Rule [SLR] 6.012(4) requires the parties to be personally present at a settlement conference, unless excused in advance by the court for good cause. Section 6.012(10) of the [rule] authorizes the court to sanction violations of the settlement conference rules pursuant to Uniform Trial Court Rule1.090. UTCR 1.090(2) provides that the court, on its own motion, may sanction a party for failure to comply with [the supplementary rules] by 'treat[ing] as established an allegation or claim.

"The court hereby finds that plaintiff has willfully refused to comply with the provisions of [SLR] 6.012(4) by failing to appear at the settlement conference, and sanctions plaintiff by treating the allegations in defendants' answer as established. * * *."

The court asked defendants to submit a judgment consistent with that order.

Defendants submitted a proposed general judgment of dismissal on April 17, dismissing plaintiff's claims based on the order imposing sanctions. Plaintiff filed objections to the proposed judgment, in which it asserted that the court had erred by imposing a sanction of dismissal because the court had been on notice that plaintiff would not be able to attend the settlement conference. Plaintiff attached a copy of the mid-March "Notice of Unavailability" in which it had indicated that plaintiff would not be available for a settlement conference on dates including April 16. Plaintiff asserted that its lawyer had mailed that document to the court.[5]

---

[5] As noted, the March notice does not appear in the trial court record, except as an attachment to plaintiff's objections. *See* 285 Or App 170 n 2.

Plaintiff also attached copies of the April email exchange between its lawyer and defense counsel discussing the desirability of another stipulated motion for continuance. Plaintiff asserted that the reference to the April 16 settlement conference in the motion that the parties filed on April 11 "was simply an expression of favorability of an attempt at settlement, and was never intended as assent to the 16th as [a] viable date for settlement conference."

In objections to the proposed judgment, plaintiff also asserted that, upon receiving word that the settlement conference would go forward, it had submitted "an unopposed motion to have Plaintiff appear via telephone or, in the alternative, to cancel the settlement conference." Plaintiff further described what had happened in court on April 16:

"The Court stated at settlement conference that 'if [Plaintiff] had moved [to appear by phone], it would have been denied.' Hon. Judge Rastetter was evidently unaware that Plaintiff had so moved, despite service of the motion upon the Court before the hearing date. His Honor was apparently also unaware that Plaintiff had noticed his lack of availability for the 16th nearly a month earlier, and evidently was also operating under a mistaken impression that the parties had stipulated to the conference date."

Plaintiff concluded its objections to the proposed judgment by stating that plaintiff "strongly object[ed] to the application of such a strong sanction under these circumstances."

The trial court entered the general judgment of dismissal on April 29. The record includes no indication that the court modified the proposed judgment in response to plaintiff's objections.

On appeal, plaintiff asserts that the trial court erred in three ways "by entering sanctions against Plaintiff under UTCR 1.090(2)." First, plaintiff contends that the court erred in determining "that Plaintiff 'willfully refused to comply' by not appearing at [the April 16] settlement conference, where there was no evidence in the record of any willful misconduct on Plaintiff's part and Plaintiff had long earlier advised the Court that he could not attend." Second, plaintiff asserts that the court erred by imposing the sanction under UTCR 1.090(2) without affording plaintiff an

opportunity for a hearing. Third, plaintiff argues that the court erred by imposing the sanction without "enter[ing] a finding of prejudice" as UTCR 1.090(2) requires.

All of plaintiff's arguments are based on UTCR 1.090(2), which the trial court referenced in its sanction order, and which provides:

> "For willful and prejudicial resistance or refusal to comply with UTCR or [supplementary local rules], the court, on its own motion or that of a party after opportunity for a hearing, may do any of the following:
>
> "* * * * *
>
> "(d)  *Treat as established an allegation or claim.*"

(Emphasis added.)

The trial court's order also references the supplementary local rule with which plaintiff had failed to comply—SLR 6.012, which addresses settlement conferences in civil proceedings. At the time of the trial court's ruling, that SLR 6.012 provided, in pertinent part:

> "(1)  *Settlement Conferences are required prior to trial on all civil cases* except domestic relations, FEDs, and small claims. The pretrial settlement conference will be held unless the court finds good cause why the settlement conference should not be held. * * *
>
> "* * * * *
>
> "(4)  The following must be personally present at the settlement conference, unless excused in advance by the Court for good cause:
>
> "(a)  *The parties*;
>
> "(b)  The trial attorneys; and
>
> "(c)  The insurance company representatives who have the authority to settle the case."

(Emphases added.)

Thus, under UTCR 1.090(2) and SLR 6.012, the Clackamas County Circuit Court may impose sanctions—including treating allegations in a pleading as established—for "willful and prejudicial resistance or refusal to comply with" the requirement that parties personally attend a

scheduled settlement conference. That is what the court did here, treating the allegations in defendants' answer as established, resulting in the dismissal of plaintiff's complaint as a sanction for plaintiff's failure to appear at the April 2014 settlement conference.

As noted, plaintiff's first argument is that the trial court erred in imposing that sanction because "there was no evidence in the record of any willful misconduct on Plaintiff's part and Plaintiff had long earlier advised the Court that he could not attend." Plaintiff asserts that the record reflects only "the unfortunate consequences of communication difficulties with the Court" and that plaintiff "actively attempted [to] inform the court well ahead of time of his unavailability, and that he made himself available by alternative means (telephonically) on the date of the settlement conference while he was overseas."

Again, UTCR 1.090(2) authorizes trial courts to impose sanctions for "willful and prejudicial" refusal to comply with the UTCR or SLR. The term "willful" is not defined for purposes of that rule. However, in the context of ORS 33.015(2), which addresses acts that constitute contempt of court if done "willfully," we have held that "willfully" means "intentionally and with knowledge" that the act or omission "was forbidden conduct." *State v. Nicholson*, 282 Or App 51, 60-62, 383 P3d 977 (2016). We have observed generally that the term "willful" imports "an element of conscious disregard of a judicial order or judgment." *Id.* at 62.

Here, the trial court could find that plaintiff consciously disregarded the requirement of personal attendance at the April 16 settlement conference. The court notified the parties that the conference would happen on April 16, and plaintiff does not contend otherwise. Moreover, both SLR 6.012 and the notice of the first settlement conference emphasized the requirement that plaintiff attend in person. And, given that plaintiff already had missed one settlement conference and had been sanctioned for that failure to appear, the trial court could easily find that plaintiff understood that personal appearance at the April 16 conference was required and that failure to appear would have consequences.

Nonetheless, plaintiff seems to assert that, because the March 2014 "notice of unavailability" indicated that plaintiff would not be able to attend a settlement conference on April 16, plaintiff's failure to appear that day cannot properly be deemed "willful." We disagree. First, as we have explained, the trial court register does not reflect receipt of any such notice in March 2014. The absence of such a notice would support a finding that plaintiff did not, in fact, inform the court of its availability on April 16.

More importantly, the record demonstrates that plaintiff did not take immediate steps to notify the court of its unavailability when the settlement conference was set for April 16. That rescheduling of the settlement conference occurred on April 7, and the trial court register reflects that, on the same day, the parties were notified that the settlement conference would happen on April 16. The email exchange between the lawyers for the parties on April 8 through 10 confirms both sides' awareness that the settlement conference was scheduled for April 16. Indeed, their April 10 stipulated motion for postponement of trial observes that the "settlement conference has now been rescheduled to April 16" and specifically indicates that the parties believed that the court's assistance "at the settlement conference would be extremely helpful and may well result in resolution of the case." The parties did not ask to have the settlement conference date rescheduled, too. To the contrary, they sought only "a brief set-over of the trial date" in hopes that rescheduling the trial "would increase the likelihood of settlement rather than the parties having to bear the time and expense of gearing up for trial under the current timetable."

The trial court could properly view that motion as requesting a setover only of the trial date, and not of the scheduled April 16 settlement conference, notwithstanding plaintiff's later assertion that the motion "was never intended as assent to the 16th as [a] viable date for settlement conference." The court could also find, on that record, that plaintiff was aware of the April 16 settlement conference, knew that it would not be able to attend in person, and did not make any effort until April 15 to either appear through counsel at the settlement conference or cancel it altogether. Those

findings amply support a conclusion that plaintiff's failure to appear was willful, *i.e.*, that plaintiff intentionally disregarded the requirement of personal attendance. The trial court did not err when it determined that "plaintiff has willfully refused to comply with the provisions of [SLR] 6.012(4) by failing to appear at the settlement conference."

Plaintiff's second argument is that the trial court erred by imposing a sanction under UTCR 1.090(2) without first giving plaintiff an "opportunity for a hearing," as that rule requires. Plaintiff did not ask the trial court for a hearing regarding the sanction; nor did it object to the proposed judgment on the ground that it was entitled to a hearing before the court entered that judgment. Nonetheless, plaintiff asserts that the lack of a hearing is error "evident from the face of the record"; plaintiff asks us to exercise our discretion to correct that claimed error.

A trial court's error is "plain" if:

"(1) the error is one of law, (2) the error is obvious, not reasonably in dispute, and (3) the error appears on the face of the record, so that we need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable."

*State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) (internal quotation marks and citation omitted). Even when an error is plain, we retain discretion whether to correct it, taking into account a variety of factors, as the Supreme Court explained in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

In this case, plaintiff's argument that the trial court erred by imposing sanctions without providing "opportunity for a hearing," UTCR 1.090(2), does not establish plain error. The record establishes that a hearing *did* occur on April 16. The order imposing sanctions states that the matter "came before the court for a settlement conference on April 16, 2014," and that plaintiff's counsel (along with defendants and defense counsel) were "[p]resent." The order also indicates that plaintiff's counsel "advised the court" that plaintiff was on an overseas business trip, demonstrating that plaintiff's counsel was given the opportunity to present at least some information to the court about the circumstances

surrounding his client's absence. It is not obvious that UTCR 1.090(2) required the court to give plaintiff an *additional* opportunity for hearing before it imposed a sanction. Accordingly, plaintiff's second argument presents no basis for reversal.

Finally, in another unpreserved argument, plaintiff contends that the trial court plainly erred when it imposed a sanction under UTCR 1.090(2) without making a "finding of prejudice." That argument is based on the wording of the rule, which authorizes the imposition of sanctions "for willful *and prejudicial* resistance or refusal to comply with UTCR or SLR." (Emphasis added.) Plaintiff does not argue that the record could not support a finding of prejudice; rather, its contention appears to be that the court was required to make a "finding" of prejudice on the record. We need not determine whether UTCR 1.090(2) obviously requires the trial court to make an express finding of prejudice before imposing sanctions, and that the trial court therefore plainly erred by not making such a finding, because we would not exercise our discretion to correct any such error even if it were plain. As the Supreme Court explained in *Peeples v. Lampert*, 345 Or 209, 222-23, 191 P3d 637 (2008), important principles underlie the requirement that litigants alert trial courts to any need to make express findings before imposing a sanction:

> "Requiring a party to alert a trial court to its failure to make special findings that are material to the decision, given the issues framed by the parties, serves the salutary purpose of permitting the trial court to avoid making an error or to correct an error already made. The policies of using judicial resources efficiently and not blindsiding a trial court are strong ones that underlie preservation requirements in other contexts. Those policies are no less strong here.

> "Requiring preservation in this context also is fair to opposing counsel. It may be, as petitioner argues, that the party moving for dismissal has no interest in opposing special findings. But the moving party does have an interest in ensuring that the record is adequately developed, and in avoiding an unnecessary remand for proceedings that could have been conducted before the appeal.

"Finally, requiring preservation in this context is consistent with our holding in *Pamplin* [*v. Victoria*, 319 Or 429, 877 P2d 1196 (1994)]. Preservation serves the twin goals of ensuring procedural fairness and judicial efficiency. The findings required by *Pamplin* facilitate meaningful review. Those objectives are complementary. A party that does not preserve an issue, when it is reasonably possible to do so, is not entitled to appellate review of it, meaningful or otherwise. Said another way, in any number of circumstances, a party's very right to appellate review of an issue is that party's to preserve or lose. Requiring a party to take reasonable steps to ensure that such review is meaningful is consistent with, rather than contrary to, *Pamplin*."

(Footnote omitted.)

Those principles would be undermined if, in this case, we reversed based on plaintiff's unpreserved argument that the trial court should have made an express finding about prejudice before it imposed a sanction and entered the judgment of dismissal. Accordingly, we decline to address that unpreserved argument.

Affirmed.