No. 699 July 30, 2025 357

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Tecla K. ARANGO,
*Petitioner-Respondent,*

*v.*

Edward PEREZ-PEREZ,
*Respondent-Appellant.*

Multnomah County Circuit Court
20DR00374; A176911

Amy Holmes Hehn, Judge.

Submitted June 4, 2025.

Edward Perez-Perez filed the brief *pro se*.

No appearance for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Father, appearing *pro se* in this domestic relations case, appeals a general judgment that awarded mother sole custody of their child and denied father parenting time. On appeal, father raises three assignments of error. On the limited record available to us, we affirm.[1]

*First assignment of error.* Father argues that the trial court "erred by failing to follow" its September 2020 order concerning mediation. That order stated that "[i]t appears that the parties disagree about a custody or parenting time matter" and further provided:

> "[U]nder Supplemental Local Rule 12.015 of the Multnomah County Circuit Court *** the parties shall participate in mediation before a hearing occurs on the issue of custody or parenting time. Failing to attend will likely delay the hearing or trial date."

The order further directed the parties to contact the Multnomah County Family Court Services "[i]mmediately to schedule for mediation."

The record does not indicate that either party participated in mediation. Instead, the record includes a letter that father sent to the court in September 2020 titled "Emergency COVID-19 protection declaration response in support of order requiring mediation." In that letter, father requested mediation and identified the issues that he wanted to mediate, including joint custody and medical expenses.

In July 2021, the trial court mailed father a "Notice of Scheduled Remote Court Appearance" that stated that trial assignment would occur on August 11, 2021, and that trial would occur on August 12, 2021. The court held the August 12, 2021, hearing and subsequently entered the general judgment that father challenges on appeal. The general judgment acknowledged that father was incarcerated but stated that he was "not present" at the hearing.

---

[1] We observe that, although the July 2021 notice was addressed to father's correctional facility, the notice did not acknowledge the limitations that adults in custody face with respect to accessing court proceedings. Father's later challenges to the process included in a motion for relief from judgment (denied by the trial court) were the subject of an untimely effort to amend his appeal, so the record before us does not include materials relevant to that challenge.

On appeal, father argues that the trial court erred by holding the hearing even though he had not participated in mediation. Father cites no authority, and we have found none, that prohibits a trial court from holding a hearing in a domestic relations proceeding when a party does not comply with the court's mediation order. We conclude that the trial court did not commit reversible error.

*Second assignment of error.* We understand father to challenge the trial court's decisions to hold the hearing in his absence and to enter the general judgment.

The Oregon Rules of Civil Procedure "govern procedure and practice" in "all civil actions and special proceedings." ORCP 1 A. As relevant here, ORCP 58 E provides:

> "When a party who has filed an appearance fails to appear for trial, the court may, in its discretion, proceed to trial and judgment without further notice to the non-appearing party."

We conclude that the trial court acted within its discretion when it held the August 2021 hearing. Our review is limited to the record on appeal, which "consists of those parts of the trial court file, exhibits and record of oral proceedings in the trial court that are designated under ORS 19.250." ORS 19.365.

Here, mother filed the petition for custody and parenting time in January 2020. In August 2020, father appeared by filing a response that opposed the petition. As noted above, in July 2021, the trial court sent father a notice that stated that trial assignment would occur on August 11, 2021, and that,

> "[i]f you fail to appear at trial assignment on the date and time stated above, you may lose your chance to participate in the trial/hearing and therefore lose your case."

(Uppercase omitted.) After the August 12, 2021, hearing, the trial court entered the general judgment, which provided that father was "not present *** [and] willfully failed to appear."

The record before us demonstrates that father had appeared in 2020, that the trial court had provided him

notice of the trial assignment, that the notice explained the consequences if father failed to appear, and that father did not appear at his trial assignment. On that record, we conclude that the trial court did not abuse its discretion in "proceed[ing] to trial and judgment." ORCP 58 E.

*Third assignment of error.* We understand father to argue that the trial court plainly "erred by denying Parental authority-Parenting Plan/Parenting Time, to the non-custodial parent under ORS 109.119 and ORS 107.102, and ORS 107.137."

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We may review an unpreserved error when it is "plain." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring [us] to choose among competing inferences." *Id.* If we conclude that "a claimed error was [plain] error," we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

We conclude that any error is not "apparent on the record." Here, the trial court entered the general judgment awarding mother sole custody of child and found, in relevant part, that father

> "must not have parenting time because this would endanger the health and safety of the child. Currently incarcerated, convicted sex offender [with] child victim. Court took judicial notice of [criminal case number]."

Further, the trial court suspended father's authority under ORS 107.154 "for good cause," specifically, "[mother] and child safety."

Although father argues in his opening brief that he "has maintained a healthy relationship and has been in present" in child's life for nearly seven years, father's brief is not evidence. *See Jones v. Lindsey*, 193 Or App 674, 677, 91 P3d 781 (2004) (concluding that "the evidentiary record is limited to the evidence received at the contested hearing"); *see also* ORS 19.365 (defining the "record on appeal"

as "those parts of the trial court file, exhibits and record of oral proceedings in the trial court that are designated under ORS 19.250").[2] Because father identifies no error that is "apparent on the record," we conclude that the trial court did not plainly err. *Vanornum*, 354 Or at 629.

Affirmed.

---

[2] The record indicates that father moved to waive ORAP 3.05(2), which provides, in relevant part, that "the record of oral proceedings shall be a transcript," and asked to proceed on the trial court file and exhibits. The appellate court commissioner granted that motion