854 June 24, 2026 No. 574

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Jeffery LEE,
aka Jeffery Thomas Lee,
*Petitioner-Respondent,*
*and*

Ping Ying Tse LEE,
*Respondent-Appellant.*

Clackamas County Circuit Court
24DR00469; A186083

Michael C. Wetzel, Judge.

Submitted June 3, 2026.

Lorena Reynolds filed the briefs for appellant.

Daniel S. Margolin and Margolin Family Law filed the brief for respondent.

Before Aoyagi, Presiding Judge, Lagesen, Chief Justice, and Egan, Judge.

LAGESEN, C. J.

Remanded for entry of amended judgment amending Paragraphs 7.1.4 and 14 to eliminate the award of attorney fees; otherwise affirmed.

**LAGESEN, C. J.**

Wife appeals a general judgment of dissolution entered following a trial at which she did not appear. She raises two assignments error: (1) that the trial court erred in proceeding in her absence; and (2) that the trial court erred in awarding attorney fees to husband without complying with the ORCP 68 process. Due to wife's failure to appear at trial, both assignments of error are unpreserved; wife contends, however, that both alleged errors are plain errors and urges that we exercise our discretion to correct them.

With respect to wife's first assignment of error, we see no plain error in the trial court's decision to proceed with trial in wife's absence, given the history of the case, the fact that wife did not request a continuance, and the minimal information that wife provided to the court about why she could not appear.[1]

With respect to wife's second assignment of error, we agree that the trial court plainly erred in awarding attorney fees to husband without complying with the requirements of ORCP 68. We long have held that a trial court must comply with ORCP 68 when awarding attorney fees in a domestic-relations case, and legally errs when it does not. *O'Neal*

---

[1] We note that in his response to the first assignment of error, husband cited two nonprecedential memorandum decisions: "*Abuzanet v. Lakhloufi*, 338 Or Ap 131 (2025)," and "*Arango v. Perez-Perez*, 342 Or App 357 (2025)" in a manner that does not comport with ORAP 10.30(1). In rejecting that assignment of error, we have not relied on those nonprecedential decisions and counsel is reminded that nonprecedential memorandum decisions may not be cited except as provided in ORAP 10.30(1). Additionally, many of the citations in the Answering Brief were missing pinpoint citations. We remind counsel "[t]o point your reader to the specific pages that relate to the cited proposition, you must also include a pinpoint citation, often called a 'pincite.'" Columbia Law Review Association *et al*, eds., *The Bluebook: A Uniform System of Citation* Rule B10.1.2., 13 (22d ed 2025); *see also* ORAP 5.20(4) ("Guidelines for style and conventions in citation of authorities may be found in the Oregon Appellate Courts Style Manual."); Oregon Appellate Courts, *Style Manual* 16 (2023), *available at* https://www.courts.oregon.gov/publications/Documents/UpdatedStyleManual2002.pdf (accessed June 15, 2026) ("The appellate courts generally follow the citation practices set out in the most current version of The Harvard Law Review Association's *The Bluebook, A Uniform System of Citation*, except as noted in this Style Manual."). Although our style manual currently attributes *The Bluebook* to the Harvard Law Review Association, in actuality it is attributable to a number of student-run law journals. *See generally* Fred R. Shapiro & Julie Graves Krishnaswami, *The Secret History of the Bluebook*, 100 Minn L Rev 1563 (2016).

*and O'Neal*, 158 Or App 431, 436, 974 P2d 785 (1999) ("The procedure mandated in ORCP 68 C(4) is a right of the parties, not just a convenience for the court."). Here, it is plain from the record that the trial court did not use the ORCP 68(c)(4) process to award husband's requested attorney fees. Contrary to husband's argument, *Uhde and Uhde*, 260 Or App 284, 317 P3d 337 (2013), *rev den*, 329 P3d 771 (Or. 2014), does not stand for the proposition that a trial court need not use the ORCP 68 process when a party fails to appear at trial. *Uhde* holds that a trial court need not employ the process when a party is deemed in default for failure to appear in the case. *Id*. at 289-90 (explaining that the trial court was not required to employ ORCP 68 process where the spouse's appearance in the case had been stricken as a sanction, making the spouse a defaulting party). Where a party has appeared in the case, so is not in default by virtue of that appearance in the case, but fails to appear at trial, we have held that the ORCP 68 process applies. *Lovette and Lovette*, 139 Or App 550, 553-55, 913 P2d 333 (1996) (trial court erred in awarding attorney fees without employing ORCP 68 process against the spouse who had appeared in case but failed to appear at trial because default procedures do not apply to a person who has appeared in the case).

Finally, we exercise our discretion to correct the error. The ORCP 68 process is a right. *O'Neal*, 158 Or App at 434-35. The trial court's failure to follow it deprived wife of that important procedural right, including the notice and supporting documentation for the claimed fees, and an opportunity to contest them. Accordingly, we remand for entry of an amended judgment revising the provisions addressing the award of attorney fees to eliminate the award: Paragraphs 7.1.4 and 14. We otherwise affirm. This decision is without prejudice to husband's ability to petition for attorney fees through the ORCP 68 process.

Remanded for entry of amended judgment amending Paragraphs 7.1.4 and 14 to eliminate the award of attorney fees; otherwise affirmed.